**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PATRIC LEHOUILLIER, individually, and | ) |
| d/b/a LEHOUILLIER & ASSOCIATES, P.C., | ) |
| | ) |
| Defendant. | ) |

---

**CIVIL COMPLAINT**

---

The United States of America alleges:

1.      This action is brought by the United States to enforce title III of the Americans

with Disabilities Act of 1990 ("Title III" and "ADA"), 42 U.S.C. §§ 12181- 12189, and

implementing regulation, 28 C.F.R. pt. 36, against an attorney who discriminated against an

individual with a disability and persons associated with her by, among other things, denying them

access to his law offices because the individual with a disability was accompanied by her service

animal.

2.      The Attorney General has reasonable cause to believe that discrimination on the

basis of disability in violation of Title III of the ADA occurred and that Defendant's conduct

1

raises an issue of general public importance within the meaning of 42 U.S.C.

§ 12188(b)(1)(B)(ii) and 28 C.F.R. § 36.503(b).

3.      Plaintiff is the United States of America.

4.      Defendant is Patric LeHouillier, in his individual capacity and d/b/a LeHouillier &

Associates, P.C. (collectively, referred to as "LeHouillier").

### Jurisdiction and Venue

5.      The Court has jurisdiction of this action pursuant to 42 U.S.C. § 12188(b)(1)(B)

and 28 U.S.C. §§ 1331 and 1345.  The Court may grant declaratory and other relief pursuant to

28 U.S.C. §§ 2201 and 2202.

6.      Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because

Defendant LeHouillier operates a law office in this District and acts of discrimination occurred in

this District.  Upon information and belief, Defendant LeHouillier also either owns or leases a

law office in this District.

### Factual Background

7.      Joan M. Murnane, Ph.D., D.V.M., M.S. (hereinafter, Dr. Murnane), is an

individual with a disability within the meaning of the ADA. 42 U.S.C. § 12102; 28 C.F.R. §

36.104.  Dr. Murnane has Traumatic Brain Injury, which causes her to have significant difficulty

with balance, vision, and hearing and to have seizures and sudden changes in blood pressure.  Dr.

Murnane's physiological and physical conditions are physical or mental impairments, and they

substantially limit her performance of one or more major life functions, such as performing

manual tasks, walking, seeing, hearing, and working.  Dr. Murnane also has a record of having a

2

disability.

8.     Based on a recommendation from her physician, Dr. Murnane uses an Australian

Shepherd dog that is trained to do work or perform tasks for Dr. Murnane, such as assisting her

with balance, vision, and hearing; alerting her to certain medical conditions; and transporting her

prescription medications.  Dr. Murnane's dog is a service animal within the meaning of 28

C.F.R. § 36.104.

9.     Col. (Retired) Thomas H. Rendall is Dr. Murnane's husband and is therefore

associated with Dr. Murnane within the meaning of Title III of the ADA, 42 U.S.C.

§ 12182(b)(1)(E); 28 C.F.R. § 36.205.

10.    J. Ronald Voss is an attorney licensed to practice law in Colorado.  At the time of

the acts of discrimination at issue, Mr. Voss represented Dr. Murnane and was therefore

associated with Dr. Murnane within the meaning of Title III of the ADA, 42 U.S.C.

§12182(b)(1)(E); 28 C.F.R. § 36.205.

11.    Defendant Patric LeHouillier is an attorney licensed to practice law in Colorado

and does business as and through a law firm known as LeHouillier & Associates, P.C.  Defendant

LeHouillier operates and, upon information and belief, owns or leases a law office located at 90

N. Cascade Ave., Suite 1430, Colorado Springs, Colorado.

### Title III of the ADA

12.    Title III of the ADA prohibits discrimination on the basis of disability in the full

and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations

of any place of public accommodation by any person who owns, operates, or leases a place of

3

public accommodation.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

13.    Defendant LeHouillier's law office is a place of public accommodation within the meaning of Title III because it is the office of a "lawyer . . . or other service establishment." 42 U.S.C. § 12181(7)(F); 28 C.F.R. § 36.104.

14.    As the operator of a law office and as the owner of a law office, Defendant LeHouillier is a public accommodation within the meaning of Title III, 42 U.S.C. § 12181(7)(F); 28 C.F.R. § 36.104, and is therefore subject to the nondiscrimination requirements of Title III of the ADA.

15.    For purposes of Title III of the ADA, discrimination against individuals or classes of individuals with disabilities generally includes, among other things:

 a.    Outright denial of the "goods, services, facilities, privileges, advantages, and accommodations" of the entity.  42 U.S.C. § 12182(b)(1)(A)(i); 28 C.F.R. § 36.202;

 b.    The imposition or application of eligibility criteria that screen out or tend[s] to screen out an individual on the basis of disability "from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary." 42 U.S.C. § 12182(b)(2)(A)(i); 28 C.F.R. § 36.301(a).

 c.    The "failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii);

28 C.F.R. § 36.302. The regulation implementing Title III specifically requires public accommodations such as Defendant LeHouillier to "modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability." 28 C.F.R. § 36.302(c).

16.     Title III also prohibits excluding or otherwise denying equal goods, services, facilities, and accommodations to an individual because of the known disability of that individual's spouse or other related or associated individual. 42 U.S.C. § 12182(b)(1)(E); 28 C.F.R. § 36.205.

### ADA Violations

17.     In late 2006, Sunburst Equine, Inc. (Sunburst), a veterinary practice, was involved in litigation with Karen Johnson, a former client, over a contract for veterinary/horse-care services. In sum, Sunburst sought payment for veterinary services that it had provided to Ms. Johnson. Ms. Johnson, who was represented by Defendant LeHouillier, filed a counterclaim against Sunburst, alleging veterinary malpractice among other things. Dr. Murnane, a veterinarian, was a principal of Sunburst.

18.     In or about November 2006, Defendant LeHouillier noticed a corporate designate deposition of Sunburst.

19.     In or about November 2006, in his capacity as Sunburst's and Dr. Murnane's counsel, Mr. Voss notified Defendant LeHouillier that Dr. Murnane would appear for the deposition as Sunburst's corporate designee and that she would be accompanied by her service animal.

20.     Defendant LeHouillier notified Dr. Murnane and her counsel that he would not

allow Dr. Murnane's service animal into his office because he feared that the service animal would soil his recently acquired carpeting. Upon information and belief, Defendant LeHouillier rejected offers to hold the deposition at Mr. Voss' office, which is located approximately one to two blocks from Defendant LeHouillier's office.

21.     On the day of the deposition, December 6, 2006, Defendant LeHouillier denied Dr. Murnane, her service animal, Col. Rendall, and Mr. Voss entry into his law office because Dr. Murnane was accompanied by her service animal.

22.     On information and belief, upon the arrival of Dr. Murnane, Col. Rendall, and Mr. Voss at Defendant's law office, Defendant LeHouillier and a member of his staff made disparaging remarks to Dr. Murnane and her party. Defendant LeHouillier also demanded that Dr. Murnane provide a certification showing that the animal was a service animal and – when his demand was met with a letter documenting Dr. Murnane's need for and use of a service animal – still denied entry to Dr. Murnane and her party.

23.     In his conduct toward Dr. Murnane and her party, Defendant LeHouillier made no good faith effort to comply with the requirements of Title III of the ADA even though he had previously been alerted to those requirements by Mr. Voss.

24.     Dr. Murnane, Col. Rendall, and Mr. Voss were harmed by Defendant LeHouillier's discriminatory actions.

### Prayer for Relief

WHEREFORE, Plaintiff United States of America prays that this Court grant the following relief:

6

a.       Declare that the discriminatory actions, practices, and policies of Patric

LeHouillier, individually and d/b/a LeHouillier & Associates, P.C., as set forth above, violate

Title III of the ADA, 42 U.S.C. §§ 12181 - 12189, and its implementing regulation, 28 C.F.R. pt.

36;

b.       Enjoin Patric LeHouillier, individually and d/b/a LeHouillier &

Associates, P.C., its officers, agents, and employees, and all other persons in active concert or

participation with Defendant, from discriminating on the basis of disability against Dr. Murnane,

other individuals with disabilities, and individuals related to or associated with an individual with

a disability in violation of Title III of the ADA, 42 U.S.C. §§ 12181 - 12189, and its

implementing regulation, 28 C.F.R. pt. 36;

c.       Enjoin Patric LeHouillier, individually and d/b/a LeHouillier &

Associates, P.C., its officers, agents, and employees, and all other persons in active concert or

participation with Defendant from failing or refusing to adopt and implement a policy of

nondiscrimination against persons with disabilities, including persons who use service animals,

and from failing or refusing to make reasonable modifications to policies, practices, and

procedures to ensure that goods, services, facilities, privileges, advantages, and accommodations

are afforded to individuals with disabilities, including those who use service animals, in a

nondiscriminatory manner;

d.       Award monetary damages to Dr. Murnane, Col. Rendall, and Mr. Voss to

compensate them for the discrimination they experienced;

e.       Assess a civil penalty against Patric LeHouillier, individually, and d/b/a,

LeHouillier & Associates, P.C. as authorized by 42 U.S.C. § 12188(b)(2) and 28 C.F.R.

§ 36.504(a)(3) in an amount sufficient to vindicate the public interest; and

      f.     Order such other appropriate relief as the interests of justice may require in

the opinion of this Honorable Court.

Date _11/3/09_

 

Eric H. Holder, Jr.
Attorney General of the United States

Thomas E. Perez
Assistant Attorney General
Samuel R. Bagenstos
Deputy Assistant Attorney General
Civil Rights Division

John L. Wodatch, Chief
Philip L. Breen, Special Legal Counsel
Jeanine M. Worden, Deputy Chief
Mellie H. Nelson, Supervisory Attorney
Disability Rights Section

William F. Lynch
Trial Attorney
Disability Rights Section (NYA)
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 305-2008 (Lynch)
Fax: (202) 514-7821
E-mail: William.Lynch@usdoj.gov

Attorneys for Plaintiff
United States of America